IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America ) | Cr. No. 7:07-939-HMH |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Terrence Maurice McNally, ) | |
| ) | |
| Movant. ) | |

    This matter is before the court on Terrence Maurice McNally's ("McNally") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, McNally alleges that his attorney, Lora Collins ("Collins"), was constitutionally ineffective for failing to file an appeal as requested. (McNally's § 2255 Mot. 5.)

    McNally pled guilty to being a felon in possession of a firearm and possession with intent to distribute a quantity of marijuana on December 18, 2007. On April 21, 2008, McNally was sentenced to ninety-two (92) months' imprisonment. McNally, proceeding pro se, filed an untimely appeal of his conviction on August 18, 2008.[1] The United States Court of Appeals for the Fourth Circuit dismissed the appeal on January 9, 2009. McNally filed the instant § 2255 motion on April 20, 2009,[2] alleging, among other things, that Collins "fail[ed] to file a notice of appeal as requested [which] resulted in irreparable damage." (Id.)

---

[1] On August 18, 2008, McNally also filed a motion for extension of time to appeal stating that he was "under the impression that counsel would file my appeal notice, and now I see that she did not. . . . On July 30, 2008, I ask[ed] my counsel about my appeal, and she stated the time limit of ten days was up." (Mot. Ex. Time 1.) The court denied the motion for extension of time on August 19, 2008.

[2] See Houston v. Lack, 487 U.S. 266 (1988).

1

An attorney's failure to file a direct appeal after a request from a client constitutes ineffective assistance of counsel. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). While McNally appealed his conviction, the untimely nature of his appeal prevented the court from addressing the merits of his claim. When a prisoner alleges that his attorney failed to file an appeal as requested, the court has the authority to vacate the sentence and immediately reimpose and reinstate the movant's judgment of conviction to allow the prisoner to appeal. See id. Therefore, the court hereby vacates McNally's sentence and immediately reinstates and reimposes McNally's judgment of conviction. The remainder of McNally's claims are dismissed without prejudice. United States v. Killian, No. 01-7471, 2001 WL 1635590, at *1 (4th Cir. Dec. 20, 2001) (unpublished).

It is therefore

**ORDERED** that McNally's § 2255 motion is dismissed with leave to refile, his sentence is vacated, and his judgment of conviction is immediately reimposed and reinstated with the date of imposition of judgment being the filing date of this order. It is further

**ORDERED** that the remaining claims raised in McNally's motion are dismissed without prejudice.

**IT IS SO ORDERED.**

            s/Henry M. Herlong, Jr.
            United States District Judge

Greenville, South Carolina
May 1, 2009

**NOTICE OF RIGHT TO APPEAL REIMPOSED JUDGMENT OF CONVICTION**

The movant is hereby notified that he has **TEN (10)** days from the filing date of this order in which to file a notice of intent to appeal his <u>judgment of conviction</u>, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline will waive the right to appeal.

The notice immediately below relates only to movant's right to appeal this order and should not be confused with the ten-day period in which to file a notice of intent to appeal the judgment of conviction.

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal <u>this order</u> within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.